IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| FISKER AUTOMOTIVE HOLDINGS, ) | |
| INC., et al., ) | C.A. NO. 13-13087-KG |
| ) | |
| Debtors ) | (Jointly Administered) |
| ) | |
| _____ ) | |
| ) | |
| HYBRID TECH HOLDINGS, LLC, ) | |
| ) | |
| Appellant, ) | |
| ) | C.A. NO. 14-CV-99 (GMS) |
| v. ) | |
| ) | |
| THE OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS OF FISKER ) | |
| AUTOMOTIVE HOLDINGS, INC. AND ) | |
| FISKER AUTOMOTIVE, INC., ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

## MEMORANDUM

### I. INTRODUCTION

Presently before the court is Hybrid Tech Holdings, LLC's ("Hybrid") Emergency Motion pursuant to 11 U.S.C. § 105(a), 28 U.S.C. § 158(d)(2), and Fed. R. Bankr. P. 8001(f) for Direct Appeal from Order Limiting Credit Bid to United States Court of Appeals for Third Circuit ("Third Circuit"). (D.I. 9.) For the reasons that follow, the court will deny Hybrid's motion.[1]

---

[1] At the outset, the court notes that Hybrid filed four emergency motions in the space of three days. (D.I. 1, 9, 20, 21.) This barrage of 'emergency' motions of dubious merit and even more doubtful urgency has served only to unnecessarily burden the court and impede resolution of Hybrid's contentions regarding the Bankruptcy Court's credit bid order. It appears that Hybrid's persistent haste is not entirely out of character and may be part of the "rush to purchase" and attempt to "short-circuit the bankruptcy process" for which the Bankruptcy Court chastised Hybrid in its January 17th order. (C.A. 13-13087-KG, D.I. 483 at 10.) Hybrid is hereby precluded from filing additional motions regarding the credit bid order.

1

## II. BACKGROUND

The factual and legal background from which this motion and Hybrid's other motions arise are detailed in the court's order denying Hybrid's Emergency Motion for Leave to Appeal Decision Limiting Credit Bid. (D.I. 34 at 1-4.) In the instant motion, Hybrid argues that the Bankruptcy Court's order capping Hybrid's credit bid at $25 million for cause under 11 U.S.C. § 363(k) "presents the rare circumstance warranting direct appeal to the Third Circuit." (D.I. 9 at 2.) Accordingly, pursuant to 28 U.S.C. § 158(d)(2)(A), Hybrid requests that the court certify to the Third Circuit Hybrid's appeal from the Bankruptcy Court's decision.

## III. LEGAL STANDARD

28 U.S.C. § 158(d)(2)(A) provides that:

> (2) (A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if...the district court...acting on its own motion or on the request of a party...certify[ies] that--
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

The "first sentence of subsection (a)" that is referenced in Section 158(d)(2)(A) in turn provides that: "(a) The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11...and (3) with leave of the court, from other interlocutory orders and decrees[.]" 28 U.S.C. § 158(a).

---

## IV. DISCUSSION

After considering Hybrid's arguments,[2] the underlying Bankruptcy Court order, and precedent regarding 28 U.S.C. § 158(d)(2)(A), the court concludes that the present circumstances do not warrant certification to the Third Circuit.

### A. Controlling Decision of the Court of Appeals

Hybrid contends that because "there is no controlling authority directly addressing the issue of a bankruptcy court's authority to limit or deny a secured creditor's right to credit bid for the purposes of fostering a competitive auction, this Court should certify the Appeal for direct appeal to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A)(i)." (D.I. 9 at 13.) The court is unconvinced by Hybrid's assertion, however. The court concludes that certification is not appropriate under Section 158(d)(2)(A)(i) because there is indeed controlling authority in the form of 11 U.S.C. § 363(k) and the Third Circuit's decision in *In re Philadelphia Newspapers, LLC*, 599 F.3d 298 (3d Cir. 2010).

Under Section 363(k), a Bankruptcy Court is allowed to outright deny a lender the right to credit bid as long as the denial is "for cause". 11 U.S.C. § 363(k) ("At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, *unless the court for cause orders otherwise*, the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.") (Emphasis added). Consistent with the statutory language, the Third Circuit explained in *Philadelphia Newspapers* that the "for-cause exception to credit bidding" is entirely within a Bankruptcy Court's authority. 599 F.3d at 315-16.

---

[2] Appellees, the Official Committee of Unsecured Creditors of Fisker Automotive Holdings, Inc., did not submit an opposition to Hybrid's motion.

3

Contrary to Hybrid's assertion that the Third Circuit's opinion on Section 363(k) was "a single judge's dicta", (D.I. 9 at 13), a review of the *Philadelphia Newspapers* decision reveals that the court's reasoning regarding Section 363(k)'s for-cause exception to credit bidding was essential to its holding and was a majority ruling. First, the concurrence that Hybrid cites makes clear that the only point of contention was the concurring judge's opinion that "recourse to legislative history, as occurs in Section III(C) is unnecessary as the statutory language of § 1129(b)(2)(A) is unambiguous." *Philadelphia Newspapers*, 599 F.3d at 318 (Smith, J. concurring). Nowhere in the concurrence is there any mention at all of a disagreement regarding Section 363(k) or the right to credit bid, much less anything to legitimize Hybrid's claim that the concurring judge did not join the opinion regarding the scope of the for-cause exception to credit bidding under Section 363(k).

Second, the issue at hand in *Philadelphia Newspapers* was whether 11 U.S.C. § 1129(b)(2)(A) required that lenders be allowed to credit bid the value of their loans at an auction of the debtor's assets. 599 F.3d at 301. In order to resolve this issue, the court had to address arguments by the lenders that "Congress clearly intended that any sale of collateral – whether under § 363 or a plan of reorganization – would permit credit bidding by secured lenders." *Id.* at 315. In essence, the lenders argued that Section 1129(b)(2)(A) worked in conjunction with Section 363(k) to ensure that lenders' right to credit bid is absolute. *Id.* In ruling on this matter, the Third Circuit explained that the lenders' argument regarding the absolute nature of the right to credit bid was wrong in light of Section 363(k)'s for-cause exception:

> This argument fails in light of the plain language and operation of the Code. As an initial matter, the Code plainly contemplates situations in which estate assets encumbered by liens are sold without affording secured lenders the right to credit bid. The most obvious example arises in the text of § 363(k), under which the right to credit bid is not absolute. A secured lender has the right to credit bid 'unless the court for cause orders otherwise.' 11 U.S.C. § 363(k). In a variety of cases where

4

> a debtor seeks to sell assets pursuant to § 363(b), courts have denied secured lenders the right to bid their credit.

*Id.* Lest there be any doubt at all regarding the scope of a Bankruptcy Court's authority to limit or deny lenders the opportunity to credit bid, the Third Circuit continued:

> The Lenders argue that the 'for cause' exemption under § 363(k) is limited to situations in which a secured creditor has engaged in inequitable conduct. That argument has no basis in the statute. A court may deny a lender the right to credit bid in the interest of any policy advanced by the Code, such as to ensure the success of the reorganization or to foster a competitive bidding environment.

*Id.* at 316, n. 14. The Third Circuit's decision *Philadelphia Newspapers* opinion is a "controlling decision". *See, e.g., In re Goody's Family Clothing, Inc.*, Civ. Action No. 09-409 (RMB), 2009 U.S. Dist. LEXIS 67011, *5 (D. Del. Jul. 30, 2009) (describing "controlling decisions of the U.S. Supreme Court and the Third Circuit" as those that "admit of no ambiguity").

### B. Resolution of Conflicting Decisions

Hybrid argues that, even if there is controlling authority sufficient to render certification inappropriate under Section 158(d)(2)(A), the court must certify its appeal pursuant to Section 158(d)(2)(A)(ii). (D.I. 14.) In support of this assertion, Hybrid argues that the Third Circuit's ruling in *In re Submicron Systems Corporation*, 432 F.3d 448 (3d Cir. 2006), conflicts with the *Philadelphia Newspapers* decision because *Submicron* supposedly stands for the proposition that "a secured creditor may, in effect, establish the 'value' of its collateral by the amount that it credit bids, up to the full amount of its claim." (D.I. 9 at 5-6.) The court concludes that Hybrid's characterization of the *Submicron* case is incorrect. There is no conflict between *Philadelphia Papers* and *Submicron*, and Hybrid's characterization of the *Submicron* decision as one "governing the scope of a secured creditor's right to credit bid" is misleading.

In *Submicron*, the Third Circuit considered a challenge brought by a plan administrator for the bankruptcy estates of a debtor to a sale of the debtor's assets in which the lenders were able to

credit bid the full value of their claims. 432 F.3d at 451. The plan administrator's goal in challenging the district court-approved credit bidding was to "aid unsecured creditors 'cut out of the deal' by the Lenders" by attacking the sale on several grounds. *Id.* The sole issue regarding credit bidding under Section 363(k) was whether "the § 363(k) credit bid was improper because the Lender did not (and could not) demonstrate that some portion of their claims remained secured by collateral as defined in Bankruptcy Code § 506(a)." *Id.* at 459. The Third Circuit did not have occasion in *Submicron* to consider or rule on the scope of a court's power under Section 363(k) to limit or disallow credit bidding for cause because the district court permitted the lenders' credit bidding. *Id.* There was no bankruptcy court decision regarding the propriety of the lenders' credit bidding because the district court withdrew the reference to the bankruptcy court. *Id.* So, it was in the context of determining whether a lender must demonstrate that at least some of its claims are secured – an issue entirely unrelated to the for-cause credit bid exception – that the Third Circuit articulated the general principles regarding credit bidding upon which Hybrid seeks to capitalize. (D.I. 9 at 5, 14.) It is simply a gross exaggeration to characterize *Submicron*, a decision that is completely silent on the credit bid exception that *Philadelphia Newspapers* ruled on, as conflicting with *Philadelphia Newspapers*.

### C. Material Advancement of the Progress of the Case

Hybrid argues that an immediate appeal will materially advance Fisker's Chapter 11 case because "the outcome of whether Hybrid can credit bid the full amount of its debt will dictate the outcome of the Debtors' chapter 11 case and, more specifically, the permissible contents of a chapter 11 plan and residual creditor distributions." (D.I. 9 at 15.) This argument is essentially a restatement of Hybrid's contentions regarding 28 U.S.C. § 158(a)(3)'s requirement that an immediate appeal may materially advance the ultimate termination of the litigation. (*See, e.g.*, D.I. 1 at 13.) For the same reasons that the court articulated in its order denying Hybrid's Emergency

6

Motion for Leave to Appeal Decision Limiting Credit Bid, (D.I. 34 at 10-11), the court must also conclude that certification to the Third Circuit of the Bankruptcy Court's credit bid order will not materially advance the progress of the bankruptcy cases. Specifically, there is no evidence at all beyond Hybrid's conclusory statements that the sale of the Debtors' assets cannot proceed unless this court or the Third Circuit decides whether Hybrid's credit bid should be capped. In fact, the evidence suggests that the sale of assets can proceed smoothly and Hybrid is entirely free to participate in the auction should it see fit to do so. (*See* D.I. 34 at 6-7, 10.) Additionally, the sale of the Debtors' assets is only one of the myriad issues involved in the Fisker bankruptcy and Hybrid's ability to credit bid has yet to be ultimately resolved. (*Id.*) The court must conclude again that "[i]nterfering with the Bankruptcy Court's decision-making at this early stage is more likely to impede, rather than hasten, resolution of the cases by delaying, for instance, the Bankruptcy Court's ability to resolve the issues remaining." (D.I. 34 at 11.)[3]

## V. CONCLUSION

Because the court concludes that Hybrid has not established that any of 28 U.S.C. § 158(d)(2)(A)'s factors warrant certification to the Third Circuit, the court must deny Hybrid's Emergency Motion for Direct Appeal from Order Limiting Credit Bid to United States Court of Appeals for Third Circuit.

Dated: February 12, 2014

CHIEF, UNITED STATES DISTRICT COURT

---

[3] Hybrid's warning that "a direct appeal removes what might very well be an intermediate step" on the "presumably inevitable path" of an appeal to the Third Circuit should its motion not be granted is unavailing. (D.I. 9 at 15-16.) Were the possibility that a dissatisfied litigant might eventually appeal denial of its motion for certification sufficient reason to certify an appeal to the Third Circuit, the gate-keeping function performed by Section 158(d)(2)(A)'s factors would be thwarted.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FISKER AUTOMOTIVE HOLDINGS, INC., et al.,<br><br>　　　　　Debtors | CHAPTER 11<br><br>C.A. NO. 13-13087-KG<br><br>(Jointly Administered) |
| HYBRID TECH HOLDINGS, LLC,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FISKER AUTOMOTIVE HOLDINGS, INC. AND FISKER AUTOMOTIVE, INC.,<br><br>　　　　　Appellee. | C.A. NO. 14-CV-99 (GMS) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that Hybrid Tech Holdings, LLC's Emergency Motion for Direct Appeal from Order Limiting Credit Bid to United States Court of Appeals for Third Circuit is DENIED.

Dated: February 12, 2014

　　　　　　　　　　　　　　　　　　　CHIEF, UNITED STATES DISTRICT COURT